UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID L BELLAMY #226432 | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-58 |
| | ) | |
| TENNESSEE DEP'T of CORRECTION | ) | |

**MEMORANDUM and ORDER**

Pro se prisoner David L. Bellamy brings this civil rights action for injunctive relief under 42 U.S.C. § 1983. The plaintiff's application to proceed in forma pauperis is GRANTED. Since the plaintiff is an inmate in custody at the Sullivan County Detention Center (SCDC), he is ASSESSED the civil filing fee of $250.00.

The custodian of the plaintiff's inmate trust account at the SCDC is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint on March 2, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $250.00

filing fee has been paid in full.[1] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The Clerk is DIRECTED to send a copy of this memorandum and order to the custodian of inmate accounts at the SCDC, and to Quenton L. White, Commissioner of the Tennessee Department of Correction (TDOC), to ensure compliance with the above assessment procedures.

In his complaint, the plaintiff asserts that, on December 8, 2003, he was sentenced to serve a 12-year sentence in the custody of the TDOC, but that he has been housed at the SCDC for nearly two years. He alleges that, by being housed in a county jail instead of a TDOC facility, he has been denied opportunities available at the TDOC institutions, such the chance to participate in rehabilitation programs, educational programs, and work programs and access to expanded health care facilities. He would have the Court order the TDOC to house him in a state correctional facility rather than in a county jail.

In this case, the Constitution does not guarantee a prisoner a right to be confined in any particular prison or jail. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). And, " the law is well-settled that transfer to another institution generally does not implicate a protected liberty interest of the prisoner." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998), cert. denied, 525 U.S. 1139 (1999). Thus, in the absence of any underlying right with

---

[1] Send the payments to:

> Clerk, USDC
> 220 West Depot St., Ste 200
> Greeneville, TN 37743

regard to a transfer, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), the plaintiff has failed to state a viable § 1983 claim for a transfer from the county facility wherein he is presently confined.

Moreover, there is no constitutional right to vocational or educational programs in prison. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985) (no right to rehabilitation or vocational classes). Nor does the plaintiff possess a right created by the Constitution to prison employment. *Rhodes*, 452 U.S. at 347-49; *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)(no constitutional right to prison employment). See also *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991) (no liberty or property interest in participation in work-release program). These latter allegations also fail to state a claim for relief under § 1983.

Accordingly, a separate order will enter dismissing this action for failure to state a claim.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE